IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EUGENIO RIVERA | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### NATURE OF THE COMPLAINT

1. Plaintiff complains pursuant to the Federal Civil Rights, as amended, 42 U.S.C. § 1983, et seq. to remedy the injuries plaintiff has suffered as a result of wrongful imprisonment.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this action on the basis of federal jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 28 U.S.C. §1331.

3. Plaintiff, Eugenio Rivera (hereinafter "Mr. Rivera") is making a claim for violation of his civil rights by the State of Delaware under 42 U.S.C 1983.

4. This Court can exercise personal jurisdiction over the State of Delaware because its officers were acting under the color of state law when they arrested and held Mr. Rivera.

5. Venue in the District of Delaware is proper under the Judicial Code, 28 U.S.C. § 1391(a).

   a. Mr. Rivera is a citizen of the State of Delaware.

## PARTIES

6.  Plaintiff, Mr. Rivera, is an adult individual residing at 1126 W. 4th Street, Wilmington, Delaware 19801, New Castle County. Mr. Rivera was arrested on September 23, 2004 and held until March 9, 2005 on the charge of Rape second degree.

## FACTUAL BACKGROUND

7.  Beginning in approximately June or July 2004, Elizabeth Santana's aunt, Abigail Rodriguez, noticed that Elizabeth (the alleged victim) was gaining weight in abdomen.

8.  When questioned about this Elizabeth Santana told her aunt that she was constipated.

9.  Ms. Rodriguez did not believe Elizabeth's story and bought a home pregnancy test.

10. It was only after the results of the pregnancy test came back positive, that Elizabeth admitted that she was indeed pregnant, did Elizabeth begin to offer up different explanations of how she became that way.

11. She told one aunt, Ivelese Rodriguez, that she and other male student were making out in the girl's locker room at Howard High School.

12. She then told Ms. Abigail Rodriguez that the first story was a lie and that "Unie" was responsible.

13. Abigail Rodriguez called the police on July 5, 2004.

14. When asked by the police what the suspect's real name was, Elizabeth said that she only knew him as her step-father's friend "Unie."

15. It was Abigail Rodriguez who provided the police with the name of Eugenio Rivera and that he was a friend of the family.

16. Mr. Rivera had been living in the same home as Elizabeth Santana for approximately two years.

17. Mr. Rivera was friends with her step-father, Jose DeJesus and they had been friends for ten years.

18. Mr. Rivera moved out of the house in November 2003.

19. When Elizabeth Santana was questioned by the police she told them that Mr. Rivera had never been inside the home prior to this incident.

20. She also informed the police that she was routinely the last to leave her home in the morning.

21. It was only after further questioning that police officers were able to elicit that her brother was the last to leave and that Mr. Rivera had lived in house for two years.

22. The Wilmington Police obtained a warrant based only on Elizabeth Santana's statement. They did not mention to the Judge the inconsistencies of any of the versions of the stories they were told by the aunts or by the alleged victim herself that they heard throughout their investigations.

23. At all time material hereto, Elizabeth Santana, was only 15 years old and dealing with a pregnancy that was considered unacceptable by her family.

24. Ms. Santana's family began to threaten Mr. Rivera causing him to flee to Puerto Rico for his safety.

25. He was arrested by the U.S. Marshals while in Puerto Rico and taken to prison in Puerto Rico on August 17, 2005.

26. While awaiting extradition to the United States, Mr. Rivera was beaten up in prison, by other inmates, because he had raped a 15-year-old girl. As a result he required hospitalization for four days.

27. On September 23, 2004, upon his transfer to Gander Hill Prison a DNA sample was taken from him.

28. The baby Ms. Santana was carrying was born on October 12, 2004.

29. Mr. Rivera's DNA sample was not compared to that of the baby despite repeated requests by Mr. Rivera's Defense Attorney, to have the two samples compared.

30. On March 7, 2005, it was finally determined that Mr. Rivera was not the father of the child and the charges against him were nolle prosequied.

31. Mr. Rivera was finally released from Gander Hill Prison on March 9, 2005.

32. At all time material hereto, Mr. Rivera maintained his innocence and that he did not have sex with the alleged victim.

33. It is believed and therefore averred that the State of Delaware under color of law deprived Mr. Rivera of his rights and privileges.

34. The State of Delaware has violated Mr. Rivera's rights by arresting and holding him in prison for seven months for a crime he did not commit. More egregiously the State held him for five months when the evidence was clearly available to completely exculpate Mr. Rivera from all charges.

## COUNT I
## VIOLATION OF 42 U.S.C. 1983

35. Mr. Rivera hereby incorporates paragraphs 1 through 34, above, as though set forth herein at length.

36. The State of Delaware, acting under color of law, arrested Mr. Rivera for the charges of Rape 2nd degree, Kidnapping 2nd degree, Burglary 2nd Degree, Terroristic Threatening, and Offensive Touching against the alleged victim, Elizabeth Santana.

37. This arrest illegally deprived Mr. Rivera of his clearly established rights and privileges secured by the Constitution of the United States.

38. This arrest resulted in a loss of liberty, health, employment, his place of residence and personal belongings.

**WHEREFORE**, Plaintiff, Mr. Rivera, requests that this Court enter judgment in his favor and against Defendant, the State of Delaware, in the amount of his compensatory damages, litigation costs, attorney's fees and pre-judgment interest.

## COUNT II
## FALSE ARREST
## IN VIOLATION OF THE
## FOURTH AND FOURTEENTH AMENDMENTS

39. Mr. Rivera hereby incorporates paragraphs 1 through 38, above, as though set forth herein at length.

40. Mr Rivera was falsely arrested in violation of his Fourth and Fourteenth Amendment Rights.

41. Probable cause is needed to make an arrest and it is found to exist if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense.

42. There was no probable cause to arrest Mr. Rivera.

43. There was no evidence the Mr. Rivera committed the crime of rape, other than the

ever changing testimony of a 15-year-old girl on how she became pregnant.

44.    The police records do not reveal that any independent steps to investigate the statements made by the alleged victim or that the Wilmington Police Department had any evidence prior to arresting Mr. Rivera which would have corroborated the alleged victim's statements that Mr. Rivera was the perpetrator of a crime.

45.    There was, however, evidence that cast substantial doubt as to the veracity of the alleged victim's story such as, the statements she made to other witnesses, such as her aunts and the fact that her own statements to the Wilmington Police Department kept changing.

46.    The Polices officers used the culmination of all of the statements made by Ms. Santana to put together the statement they swore in their affidavit to the Judge to obtain an arrest warrant.

**WHEREFORE**, Plaintiff, Mr. Rivera, requests that this Court enter judgment in his favor and against Defendant, the State of Delaware, in the amount of his compensatory damages, litigation costs, attorney's fees and pre-judgment interest.

### REQUEST FOR DAMAGES
### PURSUANT TO 18 U.S.C. § 242 et seq.

47.    Mr. Rivera hereby incorporates paragraphs 1 through 46, above, as though set forth herein at length.

48.    At all times material hereto, Mr. Rivera maintained his claims of innocence of all charges.

49.    As set forth above, the alleged victim's version of how her pregnancy began changed several times.

50.    The only evidence the Wilmington Police Department had of the alleged offense

was the statements made by the alleged victim.

51. The resulting arrest and incarceration resulted in the compensatory damages of loss of employment, loss of a residence, and loss of personal property.

52. Mr. Rivera also suffered physical injuries resulting from an altercation that occurred while he was in prison resulting in hospitalization.

53. Pursuant to 42 U.S.C. § 1983, Mr. Rivera is also entitled to reasonable costs and attorney's fees associated with this action.

**WHEREFORE**, Plaintiff, Mr. Rivera, requests that this Court enter judgment in his favor and against Defendant, the State of Delaware, in the form as follows:

a) Make a finding that the State of Delaware arrested Mr. Rivera without probable cause resulting in a false arrest.

b) Make a finding that the State of Delaware wrongfully imprisoned Mr. Rivera for six months with out probable cause.

c) Make a finding that the State of Delaware violated Mr. Rivera's due process rights by holding him for six months without affording him the opportunity to prove his innocence.

c) Award plaintiff his actual damages resulting from the loss of his employment, residence and personal property.

d) Award plaintiff compensatory damages resulting from the physical injuries he sustained while in prison.

e) Award plaintiff her costs, attorney's fees and pre-judgment interest.

f) Such other relief as the Court finds appropriate.

**DEMAND FOR JURY TRIAL**

Trial by a Jury of six persons is demanded as to all issues.

_____
R. Stokes Nolte, Esquire
De. State Bar I.D. No.: 2301
Nolte & Associates
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805
(302) 777-1700

Date:

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eugenio Rivera

**DEFENDANTS** State of Delaware

(b) County of Residence of First Listed Plaintiff  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
R. Stokes Nolte    302-777-1700
1010 N. Bancroft Pkwy
Suite 21  Wilmington DE  19805

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §1983
Brief description of cause: Illegal Deprivation of Freedom

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  1-19-06
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 6 - 4 0__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___1___ COPIES OF AO FORM 85.

__1-20-06__                             __[signature]__
(Date forms issued)                  (Signature of Party or their Representative)

                                     __J. Stowell__
                                     (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action