IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENIO RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 06-40-MPT |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENSE MOTION FOR SUMMARY JUDGMENT**

**A.     Procedural History**

1.     The plaintiff filed a lawsuit asserting a civil rights violation claim under 28 U.S.C. §1983.  Complaint ¶1, ¶3.  Mr. Rivera is an adult resident of New Castle County, State of Delaware.  The sole defendant named in the lawsuit is the State of Delaware.

2.     The Complaint alleges that the Wilmington Police lacked probable cause to arrest the plaintiff on charges of Rape, Kidnapping, Burglary, Offensive Touching, and Terroristic Threatening.  ¶¶36-48.  The lawsuit seeks damages for alleged physical injuries, loss of employment, "loss of residence", and loss of personal property, as well as recovery of fees and costs.  ¶¶51-53.

3.     The defendant filed an Answer denying liability, and asserting the defenses of sovereign immunity and failure to state a claim against the State of Delaware.

4.     The plaintiff has not sought to amend the pleadings.  Discovery has concluded without any additions to the record.  Under the Scheduling Order entered by the Court on May 7, 2007, the deadline for filing case-dispositive motions is December 28, 2007.

**B.** **Sovereign Immunity**

1. Under the basic principle of sovereign immunity set forth in the Eleventh Amendment to the United States Constitution, the individual states are not liable to suit without their consent. *NA-JA Construction Corp. v. Roberts,* 259 F.Supp. 895, 896 (D.Del. 1966). "To secure the manifest purposes of the Constitutional exemption guaranteed by the Eleventh Amendment requires that it should be interpreted, not literally and too narrowly but fairly and with such breadth...as effectually to accomplish the substance of its purpose." *Id.* at 898

2. Under the Eleventh Amendment, private parties cannot sue states in federal court for monetary damages. *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 363 (2001). A state is entitled to this immunity unless it has waived its immunity or if Congress has abrogated the state's immunity through a valid exercise of its power. *Lavia v. Comm. of Pennsylvania,* 224 F.3d 190, 195 (3d Cir. 2000).

3. The State has not waived its Eleventh Amendment immunity. A waiver will be found only where it has been stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Space Age Products, Inc. v. Gilliam,* 488 F.Supp. 775, 780 (D.Del. 1980) (citing *Edelman v. Jordan,* 415 U.S. 651, 673 (1974)). Neither the Constitution nor the Code of Delaware waives Delaware's Eleventh Amendment sovereign immunity. *See Ospina v. Department of Corrections,* 749 F.Supp. 572, 579 (D.Del. 1990).

4. Moreover, Congress has not abrogated the states' immunity for claims under Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 345 (1979); *Henry v. Texas Tech Univ.,* 466 F.Supp. 141, 146 (N.D. Texas 1979); *Carmen v. San Francisco Unified School Dist.,* 982

F.Supp. 1396, 1404 (N.D.Cal. 1997). Since Delaware's immunity has not been waived or abrogated, Rivera cannot sue the State for money damages.

C.    **Failure to State a Claim**

1.    The essence of the plaintiff's claim is that he was arrested on serious felony charges, in the absence of probable cause. As set forth at length in his Complaint, ¶¶7-23, the arrest arose from the investigation by the Wilmington Police of sexual offenses involving a minor victim.

2.    The Complaint lacks specific allegations of fact directed at the sole defendant. Paragraph 33 contains the bare assertion that the State "deprived Mr. Rivera of his rights and privileges." Paragraph 34 alleges that the State of Delaware violated the plaintiff's rights by "arresting him and holding him in prison for seven months for a crime he did not commit. More egregiously the State held him for five months when the evidence was clearly available to completely exculpate Mr. Rivera from all charges".

3.    The plaintiff has failed to allege any violation of his civil rights by any State actor, either individual or agency. The only specific factual allegations are directed at the supposed failure of the Wilmington Police to properly investigate the claim, and to attacks on the victim and her family. Further, the plaintiff indicates that he was arrested by the United States Marshal after fleeing to Puerto Rico. Yet no Wilmington Police officer, U.S. Marshal, or other individual is named as a defendant.

4.    There are no facts alleged, and no record to suggest any role for the State of Delaware in the investigation of the crime or the arrest of the plaintiff, other than his incarceration, presumably as a guest of the Department of Correction. In the absence of any

factual support, there is no basis whereby a jury could find liability on the part of the State of Delaware for a violation of the plaintiff's civil rights.

**D.    Standard of Review**

1. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P 56(c)*.

2. A fact is material if it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable fact finder could return a verdict in favor of the plaintiff. *See In re Headquarters Dodge, Inc.,* 13 F.3d 674, 679 (3d Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

3. When deciding a motion for summary judgment, the court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Pacitti v. Macy's,* 193 F.3d 766, 772 (3d Cir. 1999). The nonmoving party, however, must demonstrate the existence of a material fact, and not mere allegations. The plaintiff here must supply sufficient evidence for a reasonable jury to render a verdict in his favor, and against the State of Delaware. *See Olson v. General Elec. Aerospace,* 101 F.3d 947, 951 (3d Cir. 1996) (citation omitted).

4. To raise a genuine issue of material fact, the plaintiff "need not match, item for item, each piece of evidence proffered by the movant but simply must exceed the 'mere scintilla' [of evidence] standard." *Petruzzi's IGA Supermarkets, Inc. v Darling-Delaware Co.,* 998 F.2d 1224, 1230 (3d Cir. 1993). The plaintiff's evidence, however, must be sufficient for a reasonable jury to find in favor of the party, given the applicable burden of proof. *See Anderson,* 477 U.S. at 249-50.

**E.**     **Conclusion**

1.     Plaintiff's claim against the State of Delaware is barred by the doctrine of sovereign immunity, and the defendant is entitled to summary judgment as a matter of law.

2.     There is no factual basis in the record to sustain a claim against the State of Delaware, and summary judgment is justified on that basis, as well.

Wherefore, the defendant State of Delaware prays that summary judgment be granted.

  /s/ Ralph K. Durstein III
Ralph K. Durstein III (ID# 912)
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510

Dated: December 28, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EUGENIO RIVERA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   C. A. No. 06-40-MPT |
| | ) |
| **STATE OF DELAWARE,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I caused the attached Memorandum in Support of Defense Motion for Summary Judgment to be electronically filed with this Court and served via CM/ECF upon the following person(s):

R. Stokes Nolte
Nolte & Associates
1010 N. Bancroft Parkway, Suite 21
Wilmington, DE  19805

                                                                s/s Ralph K. Durstein, III
                                                                Ralph K. Durstein III (ID# 912)
                                                                Deputy Attorney General
                                                               Department of Justice
                                                               State of Delaware
                                                               820 N. French Street
                                                               Wilmington, DE  19801
                                                               (302) 577-8510